# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **EARNEST J. FILES, JR.,** ) | |
| **AIS 107834,** ) | |
|    ) | |
|    Plaintiff, ) | |
|    ) | |
| v. ) | Case No. 3:24-cv-0009-RAH-CWB |
|    ) | |
| **JEREMY DUERR, et al.,** ) | |
|    ) | |
|    Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Earnest J. Files, Jr. ("Plaintiff"), an inmate at the Limestone Correctional Facility in Harvest, Alabama, filed a Complaint on the form used by inmates for bringing actions under 42 U.S.C. § 1983 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (Doc. 2). For the reasons set out below, the Magistrate Judge recommends that Plaintiff's request to proceed *in forma pauperis* be denied and that the Complaint be dismissed without prejudice.

A prisoner may not bring a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner having at least three such prior cases and who is not under imminent danger of serious physical injury "must pay the filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis removed from original); *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).

1

Court records establish that Plaintiff, while incarcerated or detained, has been granted leave to proceed *in forma pauperis* in three or more civil actions or appeals that ultimately were dismissed as frivolous or malicious or as failing to state a claim upon which relief could be granted. *See*, *e.g.*, *Files v. Tallapoosa County Narcotics Task Force,* Case No. 3:16-cv-770-MHT-GMD (M.D. Ala. 2016); *Files v. King,* Case No. 1:17-cv-1632-KOB-HNJ (N.D. Ala. 2017); *Files v. Kilgore*, Case No. 1:17-cv-1881-KOB-HNJ (N.D. Ala. 2017); *Files v. Dunn*, Case No. 2:18-cv-1049-CLS-HNJ (N.D. Ala. 2018); *Files v. Duerr,* 3:20-cv-387-MHT-CSC (M.D. Ala. 2020); *Files v. Giddens,* Case No. 2:20-cv-281-RDP-HNJ (N.D. Ala. 2020); and *Files v. Giddens,* Case No. 2:20-cv-959-AKK-HNJ (N.D. Ala. 2020).[1] Because he has the requisite "three strikes," Plaintiff may not be permitted to proceed *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In evaluating whether that burden has been satisfied, "the issue is whether [a] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *see also O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 770-771 (11th Cir. 2018) (explaining that facts must not be asserted in a vague or conclusory manner and must show that the plaintiff was in imminent danger of serious physical injury at the time he filed his complaint). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst.*, No. 3:06cv275, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

---

[1] The court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

Upon careful review of the Complaint, the undersigned does not find the factual averments to sufficiently allege that Plaintiff was "under imminent danger of serious physical injury" at the time of filing. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied and that the Complaint (Doc. 1) be dismissed without prejudice. *See Dupree*, 284 F.3d at 1236 ("[W]e conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

It is **ORDERED** that any objections to this Recommendation must be filed by **February 8, 2024**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 25th day of January 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**