**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| EARNEST J. FILES, JR., #107834, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 3:24-cv-009-RAH-CWB |
| JEREMY DUERR, et al., | ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Earnest J. Files, currently an inmate at the Limestone Correctional Facility in Harvest, Alabama, brings this action under 42 U.S.C. § 1983 (Doc. 1). Named as defendants are various officials of Tallapoosa County—Jeremy Duerr (District Attorney), Kevin M. Hall (Assistant District Attorney), Kim Taylor (District Judge), Ray M. Martin (Circuit Judge), and Brandi Hardaway (Circuit Court Clerk)—along with certain officials of Talladega County—Steven Dale Giddens (District Attorney) and Mike McBurnett (District Attorney Investigator). (*Id.* at p. 3). The acts about which Files complains relate to his state court arrest, conviction, and sentence and involve conduct allegedly occurring between December 2011 and August 2012. (*Id.* at pp. 6-12). Files seeks declaratory and injunctive relief directing the defendants to "stop violating the (4th) Fourth Amendment," plus costs of the action and "any additional relief this court deems just, proper and equitable." (Doc. 1 at pp. 13-14).[1]

---

[1] With the exception of Kevin M. Hall, all parties named as defendants also were named in prior actions arising from the same conduct that Files now challenges. Those actions were dismissed by both this court and the District Court for the Northern District of Alabama. *See Files v. Duerr,* No. 3:20-cv-387-MHT-CSC (M.D. Ala. 2020) and *Files v. Giddens,* No. 2:20-cv-281-RDP-HNJ (N.D. Ala. 2020). Files further alleges in this action that Kevin M. Hall violated his constitutional rights by filing to dismiss his habeas corpus petition in 2022. (Doc. 1 at p. 8).

1

Because Files sought leave to proceed *in forma pauperis* despite his history of unsuccessful litigation, the Magistrate Judge initially recommended that this action be dismissed pursuant to 28 U.S.C. § 1915(g), which prohibits a civil action from being brought *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (*See* Doc. 3 at pp. 2-3). The recommendation was adopted and the action was dismissed (*see* Docs. 6 & 7), but the dismissal subsequently was vacated when Files paid the required filing fee (*see* Docs. 8 & 9). Thereafter, service of process was deferred pending threshold review pursuant to 28 U.S.C. § 1915A.[2]  (*See* Doc. 10).

## I.     Legal Standard

When an inmate brings an action against "a governmental entity or officer or employee of a governmental entity," the court is required to conduct a threshold review to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A. Having conducted such review, the undersigned Magistrate Judge concludes that dismissal prior to service of process is appropriate.

---

[2] Payment of the filing fee does not exempt a *pro se* inmate's complaint from screening under § 1915A. *See Thompson v. Hicks,* 213 F. App'x 939, 942 (11th Cir. 2007) (holding that the court is required to screen prisoner suits under § 1915A irrespective of whether the prisoner paid the filing fee or is proceeding *in forma pauperis*); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (holding that "[t]he plain language of [§ 1915A], however, indicates that it applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding [*in forma pauperis*]").

**II.     Discussion**

    **A.     Malicious Claims**

"[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA." *Daker v. Ward,* 999 F.3d 1300, 1308 (11th Cir. 2021) (citations omitted); *see also Kendrick v. Sec'y, Fla. Dept of Corr.,* No. 21-12686, 2022 WL 2388425, *2-3 (11th Cir. July 1, 2022) (per curiam) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."). In determining whether a dismissal is warranted, there is no specific test to follow. Rather, courts are "vested with especially broad discretion." *Daker*, 999 F.3d at 1307; *Kendrick*, 2022 WL 2388425 at * 2. Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

In *Daker*, the court relied upon two cases pending in the Middle District of Georgia and Daker's "well-known history of filing frivolous and duplicative claims" as its basis to dismiss as "malicious" under § 1915A(b)(1) and § 1915(e)(2)(B). *Id.* at 1308. Here, the court finds that all claims in the pending Complaint, with the exception of the claim against Kevin M. Hall, are repetitive of the claims previously presented in *Files v. Duerr,* Case No. 3:20-cv-387-MHT-CSC (M.D. Ala. 2020) and *Files v. Giddens,* Case No. 2:20-cv-281-RPD-HNJ (N.D. Ala. 2020). Because such claims arise out of the same factual allegations as earlier civil cases that were summarily dismissed, dismissal as malicious under 28 U.S.C. § 1915A(b)(1) is appropriate. *See Daker,* 999 F.3d 1300. [3]

---

[3] The referenced claims also are barred by the two-year limitations period governing § 1983 actions. *See* Ala. Code § 6-2-38(l); *McNair v. Allen,* 515 F. 3d 1168, 1173 (11th Cir. 2008); *Files v. Giddens,* Case No. 2:20-cv-281-RPD-HNJ, (Doc. 5 at pp. 7-8). The Northern District

### B. Claims against Hall

Files asserts that as the Assistant District Attorney of Tallapoosa County, Kevin M. Hall acted unlawfully when he filed to have Files' prior habeas corpus petition dismissed. (Doc. 1 at p. 8). The law is well-settled, however, that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993). And there is no allegation to support an inference that Hall's conduct was outside his role as an advocate for the state. Hall thus is entitled to absolute prosecutorial immunity, *see id.*, and the claims against him are due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

### III. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the Complaint be dismissed without prejudice prior to service of process.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **June 14, 2024**. An objecting party must identify the specific portion(s) of all factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. An objecting party also must identify all claims or defenses that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to

---

alternatively has held that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), bars Files' claims because a judgment in his favor would unlawfully imply the invalidity of his state conviction or sentence. *Files v. Giddens,* Case No. 2:20-cv-281-RPD-HNJ, (Doc. 5 at p. 9).

have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 31st day of May 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**